# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3581

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Sammy Pendleton, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 14, 2010
Filed: September 17, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Sammy Pendleton appeals the order of the District Court[1] committing him to the custody of the Attorney General under 18 U.S.C. § 4246, which provides for the hospitalization of a federal prisoner who is due for release but has been found—after a hearing and by clear and convincing evidence—to be suffering from a mental disease or defect as a result of which his release would create a substantial risk of

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

bodily injury to another person or serious damage to the property of another. Upon careful review, we conclude that the District Court did not clearly err in its relevant findings given the expert opinions of mental health professionals and in light of evidence in the record that Pendleton has a long history of mental illness, dangerousness, and noncompliance with medications. See United States v. Williams, 299 F.3d 673, 676–77 (8th Cir. 2002) (clear-error standard of review; upholding § 4246 commitment); United States v. Ecker, 30 F.3d 966, 970–71 (8th Cir.) (upholding § 4246 commitment; noting that factors in determining potential dangerousness include history of dangerousness, history of drug or alcohol use, identification of potential targets, previous use of weapons, recent incidents manifesting dangerousness, and history of problems taking prescribed medicines), cert. denied, 513 U.S. 1064 (1994).[2]

Accordingly, we affirm.

_____

[2]We also note that Pendleton's custodians have an ongoing obligation to prepare annual reports concerning his mental condition and the need for his continued hospitalization, 18 U.S.C. § 4247(e)(1)(B), and to make reasonable efforts to place him in a suitable state facility, 18 U.S.C. § 4246(d).